

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10145 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00101-CW |
| v. | |
| VICTOR RODOLFO HERNANDEZ FLORES, a.k.a. Rudolfo Hernandez Florez, a.k.a. Uriel Perez Orosco, a.k.a. Ruben Lopez Orozco, a.k.a. Juan Hernandez Ramirez, a.k.a. Juan Rodolfo Ramirez, a.k.a. Filiberto Villegas-Salgado, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief Judge, Presiding

Submitted December 17, 2013[**]

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

Victor Rodolfo Hernandez Flores appeals from the district court's judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and challenges the 48-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez Flores contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors, to respond to his requests for a downward variance and cultural assimilation departure, and to adequately explain the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court adequately considered the section 3553(a) sentencing factors, responded to Hernandez Flores's arguments for a variance and departure, and sufficiently explained the sentence imposed. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

We do not consider Hernandez Flores's argument that the district court failed to properly calculate the Guidelines range and instead created a Guidelines range that would encompass the 48-month sentence, because it was raised for the first time in his reply brief. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1105 n.9 (9th Cir. 2007).

**AFFIRMED.**